IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0372-WS-C |
| | ) |
| RAYMOND & ASSOCIATES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for summary judgment. (Doc. 22). The plaintiff has filed a brief and evidentiary materials in support of its motion, (Docs. 22-1 to -9), the defendants declined the opportunity to respond, (Doc. 23), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted in part and denied in part.

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; accord *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). This rule does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment. On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id*.

The following material facts are uncontroverted:

The plaintiff made a loan to defendant Raymond & Associates, LLC ("R&A") in the original principal amount of $1,000,000.00, evidenced by a note ("the Note"). Defendant R&A Marine, LLC ("R&A Marine") guaranteed payment of the debt under a continuing guaranty ("the Guaranty"). As of July 2014, the Note was in default due to non-payment, and the plaintiff declared the Note to be in default, accelerated the Note, and demanded payment in full. The default has not been cured. As of November 21, 2014, the outstanding indebtedness under the Note was $1,019,784.78. Interest on the unpaid principal balance of $991,516.74 accrues at the rate of $137.71 per diem.

The plaintiff made a second loan to R&A pursuant to a certain agreement ("the Card Agreement"). R&A Marine guaranteed payment of the debt under the Guaranty. As of July 2014, the Card Agreement was in default, and the plaintiff gave notice of default and demanded payment in full. The default has not been cured. As of November 12, 2014, the outstanding indebtedness under the Card

Agreement was $309,526.65.  Interest on the unpaid principal balance accrues at an unspecified rate.

The amended complaint, (Doc. 7), sets out four cause of action:  (1) breach of contract against R&A with respect to the Note; (2) breach of contract against R&A with respect to the Card Agreement; (3) breach of guaranty against R&A Marine with respect to both the Note and the Card Agreement; and (4) statutory and common-law detinue against both defendants with respect to certain property ("the Collateral") in which the plaintiff claims a security interest.  The plaintiff seeks summary judgment on all four counts. (Doc. 22 at 1).

The Note is governed by Alabama law.  (Doc. 22-2 at 4).  "The elements of a breach-of-contract claim are:  (1) the existence of a valid contract binding upon the parties in the action, (2) the plaintiff's own performance, (3) the defendant's nonperformance, or breach, and (4) damage." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 2001).  The uncontroverted evidence establishes each of these elements.

The Credit Agreement is governed by South Dakota law.  (Doc. 22-5 at 5). "The elements that must be met in a breach of contract claim are:  (1) an enforceable promise; (2) a breach of the promise: and (3) resulting damages."  *Gul v. Center for Family Medicine*, 762 N.W.2d 629, 633 (S.D. 2009).  The uncontroverted evidence establishes each of these elements.

The Guaranty is governed by Alabama law.  (Doc. 22-4 at 6).  "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty."  *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987).  Moreover, "to recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved."  *Id*.  The uncontroverted evidence establishes each of these elements.

The plaintiff is thus entitled to summary judgment as to Counts I, II and III. The uncontroverted evidence establishes that the amount presently due under the Note is $1,032,178.68,[1] plus reasonable attorney's fees. The uncontroverted evidence also establishes that the amount presently due under the Card Agreement is $309,526.65, plus interest since November 12, 2014 and reasonable attorney's fees. The plaintiff requests entry of judgment against both defendants in the amount of $1,329,311.43, with an amended judgment to be entered later once the plaintiff calculates interest and with attorney's fees eventually to be awarded separately pursuant to Local Rule 54.3. (Doc. 24-1 at 7). The Court cannot agree to fragmenting the resolution of the action in this manner.

The plaintiff assumes that attorney's fees can be awarded separately, by post-judgment order. This is incorrect. "A claim for attorney's fees and related nontaxable expenses must be made by motion *unless the substantive law requires those fees to be proved at trial as an element of damages*." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added). "As noted in subparagraph (A), it [Rule 54(d)(2)] does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract …." *Id*. 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc*., 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc*., 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."). Because the plaintiff seeks attorney's fees pursuant to contract, it must establish the amount and reasonableness of such fees, and the recoverability of such fees under the relevant contractual fee provisions, prior to entry of judgment. *E.g., Lifeline Pharmaceuticals, LLC v.*

---

[1] This figure includes interest at the rate of $137.71 per diem since November 21, 2014.

*Hemophilia Infusion Managers, LLC*, 2012 WL 1014812 at *3 n.5 (S.D. Ala. 2012).

The Court will enter a money judgment one time and one time only.  If and when the plaintiff files a supplemental motion for summary judgment proving up its interest and attorney's fee figures, the Court will consider such materials and enter judgment as appropriate.

Under statutory detinue, a plaintiff seeks return of property "in advance of a final judgment."  *Bruner v. Geneva County Forestry Department*, 865 So. 2d 1167, 1169 (Ala. 2003).  "Common-law detinue still exists in this state and does not involve recovery of property at the time of suit but only after judgment."  *Friedman v. Friedman*, 971 So. 2d 23, 29 (Ala. 2007) (internal quotes omitted).  Because the plaintiff has not sought possession of the Collateral prior to judgment but only as part of a judgment, it cannot sustain its claim of statutory detinue.  Common-law detinue appears to require proof that the defendant "had wrongfully taken possession of the chattel" and that "she was, at the time [the plaintiff] filed [its] action, in possession of" the chattel.  *Id*. at 29-30.  The plaintiff's cursory treatment of Count IV does not address these or any other elements of a detinue claim and does not identify any evidence proving their existence.  (Doc. 22-9 at 12-13).  The plaintiff therefore cannot obtain summary judgment as to Count IV.[2]

For the reasons set forth above, the motion for summary judgment is **granted** as to Counts I, II and III and **denied** as to Count IV.  No money judgment will be entered before the plaintiff either withdraws its claim for interest and attorney's fees or, by supplemental motion for summary judgment, proves its entitlement to such sums in a particular amount.

---

[2] Detinue is an action to recover chattels.  *E.g., Bruner*, 865 So. 2d at 1174.  Much of the Collateral consists of intangible property such as "accounts, contract rights, … instruments, documents [and] general intangibles."  (Doc. 22-9 at 5).  The plaintiff seeks to recover these intangibles under Count IV, (Doc. 7 at 5, 9-10), but this does not appear to be possible.  In brief, the plaintiff mentions remedies under the UCC, (Doc. 22-9 at 12), but it has not shown that the complaint seeks such relief or that such relief, if granted, would take the form of a judgment.

DONE and ORDERED this 24th day of February, 2015.

                                             s/ WILLIAM H. STEELE
                                             CHIEF UNITED STATES DISTRICT JUDGE