IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-372-WS-C |
| | ) |
| RAYMOND & ASSOCIATES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the plaintiff's motion under Rule 66 for appointment of a receiver or, in the alternative, for a pre-judgment writ of seizure. (Doc. 45). Interested parties and non-parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 45, 51-54, 56, 61, 67-70, 72, 75), and the motion is ripe for resolution.

BACKGROUND

The plaintiff made two sizable loans to defendant Raymond & Associates, LLC ("R&A"), both guaranteed by defendants R&A Marine, LLC ("Marine") and Raymond LaForce. When the defendants defaulted, the plaintiff brought this action against them. Counts One and Two assert breach of contract against R&A, Count Three asserts breach of guaranty against the other two defendants, and Count Four asserts statutory and common-law detinue against all three. (Doc. 7).

LaForce filed for bankruptcy, and the plaintiff dismissed without prejudice all claims against him. (Docs. 28, 34). The plaintiff moved for summary judgment, to which the entity defendants declined to respond. The Court granted summary judgment as to Counts One, Two and Three but, for want of adequate

discussion and support by the plaintiff, denied summary judgment as to Count Four.  (Doc. 35).  Judgment was recently entered in the amount of $1,398,965.74.  (Doc. 64).

R&A operates a shipyard.  The loan documents at issue provide the plaintiff a broad security interest in R&A's tangible and intangible personal property.  The plaintiff says it has recently developed information indicating that the value of its collateral is declining, that equipment and funds subject to its security interest are missing, and that R&A has no work lined up after it completes the five vessels now in the yard.

The plaintiff's motion identifies seventeen additional creditors of R&A.  (Doc. 45 at 6-7).  The plaintiff gave notice of its motion to each of them, and the Court afforded them, as well as the defendants, an opportunity to be heard.  One group of three creditors (collectively, "PNC"), another group of two creditors (collectively, "SCF"), and two individual creditors filed responses to the motion, as did R&A.  Only R&A and SCF oppose appointment of a receiver.

## DISCUSSION

"[F]ederal law governs the appointment of a receiver by a federal court exercising diversity jurisdiction."  *National Partnership Investment Corp. v. National Housing Development Corp.*, 153 F.3d 1289, 1292 (11th Cir. 1998).  "A district court's appointment of a receiver … is an extraordinary equitable remedy."  *United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (internal quotes omitted).

"[T]here is no precise formula for determining when a receiver may be considered."  *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009).  The plaintiff asks the Court to consider the following factors identified in *Canada Life*, *viz*.:

> (1) whether the party seeking the appointment has a valid claim;
> (2) whether there is fraudulent conduct or the probability of

2

> fraudulent conduct, by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; [and] (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property ….

*Id*. (internal quotes omitted).  (Doc. 45 at 13-14).  R&A proposes that "the availability of [a] less severe equitable remedy" also be considered, (Doc. 52 at 3 (internal quotes omitted)), and SNF asks the Court to consider as well "whether the plaintiff's interests sought to be protected will in fact be well-served by receivership." (Doc. 54 at 6 (internal quotes omitted)).  As all these factors find support in the case law, and as the Court has previously identified each of them as proper,[1] it accepts them as appropriate factors.

Some factors, however, are more central than others.  In particular, "equity intervenes only when there is no remedy at law or the remedy is inadequate." *Bradley*, 644 F.3d at 1310.[2]  In *Bradley*, a criminal case, the trial court appointed a receiver to marshal the defendants' assets and make them available to pay to the government the money judgments (representing restitution) and fines imposed against the defendants.  *Id*. at 1307-09.  The Eleventh Circuit held this was an abuse of discretion, since the Federal Debt Collection Procedure Act "provided the Government with all the tools necessary to obtain payment of the fines and money judgments." *Id*. at 1310.  In particular, the government could "seize the property via writs of attachment (for tangible property) and garnishment (for intangible property, like a bank account)." *Id*.  "Because federal and state law provide the United States with ample means of obtaining satisfaction of the judgments at hand

---

[1] *PNC Bank, N.A. v. Presbyterian Retirement Corporation*, 2014 WL 6065778 at *5 & n.11 (S.D. Ala. 2014).

[2] *Accord Mitsubishi International Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law ….").

– all of them far more efficient than the means the court fashioned – the court abused its discretion in appointing a receiver to perform the Government's work." *Id*. at 1311.

Since ordinary post-judgment collection procedures constitute an adequate legal remedy for the government, it is difficult to see why they are not an adequate legal remedy for the plaintiff. The plaintiff's response is the technical one that, "as of today [April 17], [it] does not have a final judgment it can enforce." (Doc. 68 at 5). But the only reason the plaintiff had no judgment before April 15 is that it presented an incomplete motion for summary judgment, one that did not prove up its demand for interest and attorney's fees, which deficiency necessitated the filing of a supplemental motion for summary judgment; otherwise, the plaintiff would have had a judgment in February. (Doc. 35 at 5-6). And the only reason the April 15 judgment is not a final judgment is that the plaintiff did not ask that it be made final pursuant to Rule 54(b). The plaintiff cannot obtain a receiver by the simple expedient of electing not to utilize the ordinary collection tools available to it.

The plaintiff says that, even if it had a final judgment, R&A has not turned over its collateral voluntarily, so that the plaintiff "would still have to resort to judicial remedies to seize its collateral." (Doc. 68 at 5-6). But it is precisely the availability of those remedies, not shown to be inadequate, that precludes appointment of a receiver.

Finally, the plaintiff notes that other creditors have claims to its collateral – in some cases, superior claims – and concludes that a receiver could "review and safeguard the legitimate claims of other creditors … without a chaotic race to the courthouse that would result if [the plaintiff] were to attempt to seize and liquidate the [collateral] itself or through the execution process." (Doc. 45 at 16). As SCF notes, legal remedies "must be inadequate, not merely inconvenient," for appointment of a receiver to be warranted. (Doc. 54 at 7). The plaintiff has made no showing – indeed, has attempted none – that the commonplace situation of

4

competing claims to a judgment debtor's property renders the law's ordinary collection tools so inadequate as to support the "drastic" step of appointing a receiver. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012).

## CONCLUSION

The lack of an adequate remedy at law is the *sine qua non* of equitable relief, including the appointment of a receiver. The plaintiff's failure on this point is dispositive, and the motion for appointment of receiver is **denied**. However, the Court will, by separate order and pursuant to Rule 54(b), designate the April 15 judgment as a final judgment, triggering the plaintiff's access to the full panoply of post-judgment enforcement procedures.[3] Because the Court has entered judgment and is by separate order rendering that judgment final, the plaintiff's alternative motion for issuance of a "pre-judgment writ of seizure," (Doc. 45 at 1, 20), is **denied as moot**.[4]

DONE and ORDERED this 27th day of April, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (11th Cir. 2001) (a trial court has "authority *sua sponte* to enter judgment under Rule 54(b)").

[4] The government's motion for an extension of time to file its "final response" to the plaintiff's motion, (Doc. 56), is **denied as moot**.